UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL MARQUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>Defendants. | Case No. 17-cv-01015-DMR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 14 |

Plaintiffs' Mitchell Marquez and Christian Marquez ("Plaintiffs") filed this civil rights action. Defendants City of San Leandro and Officers Matthew Barajas, John Robertson, Jason Kritikos, Daren Pasut, Shane Nelson, and Troy Young ("Defendants") move the court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Motion to Dismiss ("MTD") [Docket No. 14]. Plaintiffs oppose. [Docket No. 19]. The court held a hearing on September 28, 2017. Having considered the parties' submissions as well as oral argument, and for the reasons stated below, Defendants' motion to dismiss is **GRANTED** with leave to amend.

## I. BACKGROUND

Plaintiffs make the following allegations in their complaint, all of which are taken as true for purposes of this motion.[1]

On December 3, 2015 at approximately 4 p.m., Plaintiffs drove into the parking lot of the San Leandro Community Library to return a library book. Compl. [Docket No. 1] ¶¶ 16-17. Defendant Barajas approached Plaintiffs' vehicle in an "aggressive manner." *Id*. ¶ 17. Since Barajas was not in police uniform and did not identify himself as a law enforcement officer,

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

1 Plaintiffs thought he was a private citizen. Compl. ¶ 17. Plaintiffs attempted to drive off, but Barajas "prevented them from doing so" in a manner unspecified in the complaint. *Id*. Plaintiffs tried to drive off a second time, which prompted Barajas to cling to the vehicle's passenger side window for a few seconds, after which he released himself. *Id*. Once Barajas had disengaged from the vehicle, Plaintiffs parked and entered the library. *Id*. While Plaintiffs were inside the library, Defendants Robertson, Kritikos, Pasut, Nelson, Young, and Delago surrounded them and informed them that they were under arrest due to the incident with Barajas. *Id*. Plaintiffs were then transported to Santa Rita Jail where they were detained for four days. *Id*.

On February 27, 2017, Plaintiffs filed this action alleging six claims for relief against the officer defendants: 1) 42 U.S.C. § 1983 ("Section 1983") unlawful seizure; 2) Section 1983 excessive force; 3) California Civil Code Section 52.1 ("Bane Act"); 4) negligence; 5) battery; and 6) intentional infliction of emotional distress. The complaint also includes a claim for municipal liability ("*Monell*") against the City of San Leandro.

Defendants now move to dismiss the claims for excessive force, municipal liability, violation of the Bane Act, battery, intentional infliction of emotional distress, and the request for punitive damages against the City of San Leandro. Defendants also move to dismiss any implied violations of 42 U.S.C. §§ 1985-86, noting that the complaint makes a passing reference to these statutes.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## III. DISCUSSION

Plaintiffs conceded the following claims in their opposition and at the hearing: (1) punitive damages claim against the City of San Leandro; (2) *Monell*; (3) battery; (4) intentional infliction of emotional distress; (5) Bane Act claim against all Defendants except Barajas; and (5) claims for relief under 42 U.S.C. §§ 1985-86. Accordingly, the court grants Defendants' motion as to these claims and dismisses them with prejudice. Additionally, upon the parties' agreement at the hearing, the court dismissed without prejudice the excessive force claim as to all Defendants except Barajas. Therefore, the only claims at issue now are the excessive force and Bane Act claims against Barajas.

### A. Section 1983 Excessive Force

Plaintiffs allege that Barajas is liable under section 1983 because he violated their Fourth Amendment rights by using excessive force. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted). Section 1983 creates a civil cause of action against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives another person of any of their "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In order to state a claim for damages under Section 1983, a complaint must allege that (1) "the conduct complained of was committed by a person acting under color of state law," and that "(2) "this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986).

A claim that law enforcement officials used excessive force in the course of making an

3

arrest, investigatory stop, or other "seizure" is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1156 (N.D. Cal. 2009) (citing *Graham. v. Connor*, 490 U.S. 386, 388 (1989)). The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interest at stake." *Graham*, 490 U.S. at 396 (quotations omitted).

To determine whether a use of force was objectively reasonable under the circumstances, courts consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. The "most important single element" is whether there is an immediate threat to safety. *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005) (en banc) (quoting *Chew v. Gates*, 27 F.3d 1432, 1441 (9th Cir. 1994)). Courts also consider the "'quantum of force' used to arrest the plaintiff, the availability of alternative methods of capturing or detaining the suspect, and the plaintiff's mental and emotional state." *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (internal citations omitted). The reasonableness inquiry in excessive force cases is an objective one: whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation and without the "20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

According to the allegations in the complaint, Barajas "approached" Plaintiffs' vehicle in an "aggressive manner," twice "prevented" them from driving off, and clung to the vehicle's passenger window for several seconds. Compl. ¶¶ 17, 24-25. This fails to allege facts sufficient to state an excessive force claim against Barajas. Plaintiffs' vague descriptions do not explain how Barajas's actions constituted a use of force, how the force was excessive, and for what purpose it was applied.

In their opposition, Plaintiffs essentially concede that their excessive force claim is

4

insufficiently pleaded, and instead point to statements in the parties' Joint Case Management Conference Statement to argue that Barajas "admits" he approached the vehicle because he heard yelling and thought that someone needed help, and that this reason did not justify any use of force. Opp'n at 4. Plaintiffs subsequently sidelined this theory at the hearing, and announced a new one. According to Plaintiffs' counsel, the excessive force claim against Barajas is based on a new, unpleaded, unconfirmed "fact" that Plaintiffs may have been handcuffed by Barajas in the library. Plaintiffs' counsel conceded that if Barajas did not handcuff Plaintiffs, there would be no basis for an excessive force claim against him.

Since Plaintiffs have failed to plead facts sufficient to state an excessive force claim in the complaint, the court grants Defendants' motion to dismiss the excessive force claim against Barajas. However, because Plaintiffs have indicated that they intend to pursue the excessive force claim against Barajas based on a new handcuffing theory, they are granted leave to amend.

### B. Bane Act

Plaintiffs allege that Barajas violated the Bane Act by using excessive force. Compl. ¶¶ 33-35. For the reasons stated above, the Bane Act claim is dismissed with leave to amend.

### IV. CONCLUSION

In conclusion, the court grants Defendants' motion to dismiss with leave to amend. Shortly after the hearing on the motion to dismiss, Plaintiffs' counsel filed a motion to withdraw as counsel of record, which will be heard on December 14, 2017. [Docket No. 24]. Any amended complaint shall be filed by December 28, 2017.

**IT IS SO ORDERED.**

Dated: November 20, 2017



_____
Donna M. Ryu
United States Magistrate Judge

5